NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BETTY'S FOUNDATION FOR THE
ELIMINATION OF ALZHEIMERS
DISEASE,

Plaintiff-Appellant,

v.

TRINITY CHRISTIAN CENTER OF
SANTA ANA, INC., and TRINITY
BROADCASTING NETWORK, INC.,

Defendants-Appellees.

No.     21-55553

D.C. No. 8:20-cv-02146-CJC-ADS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted March 8, 2022
Pasadena, California

Before:  FRIEDLAND and KOH, Circuit Judges, and KORMAN,[**] District Judge.

Betty's Foundation for the Elimination of Alzheimer's Disease ("Betty's

Foundation") appeals the district court's dismissal of Betty's Foundation's Lanham

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

Act and state law claims against Trinity Christian Center of Santa Ana, Inc. and Trinity Broadcasting Network, Inc. (collectively, "Trinity"). We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the district court's order of dismissal under Federal Rule of Civil Procedure 12(b)(6), *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1240 (9th Cir. 2013).

We apply the test in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), to a plaintiff's Lanham Act claims when a defendant makes "a threshold legal showing that its allegedly infringing use [of a trademark] is part of an expressive work protected by the First Amendment."[1] *Gordon v. Drape Creative, Inc.*, 909 F.3d 257, 264 (9th Cir. 2018). Contrary to Betty's Foundation's arguments, the *Rogers* test applies to the instant case because Trinity's alleged use of the mark is in the title of an expressive work, Trinity's television show, and related promotional materials. *See Twentieth Century Fox Television v. Empire Distrib., Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017).

Because Trinity has met its threshold legal showing, Betty's Foundation has the burden to show that it satisfies at least one prong of the *Rogers* test to have a viable Lanham Act claim. *See Gordon*, 909 F.3d at 264-265 (explaining burden

---

[1] Because Betty's Foundation does not challenge the district court's ruling that the *Rogers* test applies to state law claims, we "have no occasion to address whether the *Rogers* test applies to any state laws." *Twentieth Century Fox Television v. Empire Distrib., Inc.*, 875 F.3d 1192, 1196 n.1 (9th Cir. 2017).

framework). "Under the *Rogers* test, the trademark owner does not have an actionable Lanham Act claim unless the use of the trademark is 'either (1) not artistically relevant to the underlying work or (2) explicitly misleads consumers as to the source or content of the work.' Neither of these prongs is easy to meet." *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 983 F.3d 443, 462 (9th Cir. 2020) (quoting *VIP Prods. LLC v. Jack Daniel's Props., Inc.*, 953 F.3d 1170, 1174 (9th Cir. 2020)).

Betty's Foundation advances no argument that it satisfies the first *Rogers* prong. Nor does Betty's Foundation satisfy the second *Rogers* prong, because the operative complaint contains no factual allegations that Trinity made "an explicit indication," "overt claim," or "explicit misstatement" about the source of the television show. *See id.*

Our decision in *Gordon* does not compel a contrary result because the facts of the instant case do not test the "outer limits" of *Rogers. See Gordon*, 909 F.3d at 268. Unlike in *Gordon*, Betty's Foundation and Trinity use the mark in different contexts, and Trinity added a substantial amount of artistic expression to its television series beyond the mark. *See id.* at 269-71 (listing two additional factors to consider under the second *Rogers* prong). Moreover, consumers do not expect titles of expressive works to identify "the origin of the work." *Id.* at 270. Thus, considering "all the relevant facts and circumstances," Trinity's alleged use of

Betty's Foundation's trademark is not explicitly misleading under the second *Rogers* prong. *See ComicMix*, 983 F.3d at 463 (quoting *Gordon*, 909 F.3d at 269).

Accordingly, the district court correctly dismissed Betty's Foundation's Lanham Act and state law claims.

**AFFIRMED.**